**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**KENNETH JONES,**

                     **Plaintiff,**

                     **v.**                                  **5:05-CV-1006
(GLS\DEP)**

**DAIMLERCHRYSLER CORPORATION
d/b/a NEW PROCESS GEAR, INC.
d/b/a NEW VENTURE GEAR, INC., NEW
PROCESS GEAR, INC., and LOCAL
U.A.W. 624,**

                     **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**FOR THE PLAINTIFF:**

KENNETH JONES
Plaintiff, *Pro Se*
110 McAllister Avenue
Syracuse, New York 13205

**FOR THE DEFENDANTS:**

**DaimlerChrysler Corporation
d/b/a New Process Gear, Inc.
d/b/a New Venture Gear, Inc., and
New Process Gear, Inc.:**
HANCOCK, ESTABROOK LAW FIRM   JOHN T. McCANN, ESQ.
1500 MONY Tower I
Syracuse, New York 13221

**Local U.A.W. 624:**

| | |
|---|---|
| BLITMAN, KING LAW FIRM<br>Franklin Center<br>443 North Franklin Street, Suite 300<br>Syracuse, New York<br>Utica, New York 13204-1415 | KENNETH L. WAGNER, ESQ. |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Kenneth Jones brings this suit alleging unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1991) *et seq.* (Title VII). Pending under Federal Rule of Civil Procedure 12(b)(6) are motions to dismiss Jones' amended complaint by defendants, New Process Gear, Inc. and Local U.A.W. 624. For the reasons that follow, the motions to dismiss are **GRANTED**, and Jones' claims against New Process Gear, Inc. and Local U.A.W. 624 are **DISMISSED**.

### II. Facts[1]

Jones alleges that defendants wrongfully terminated his employment

---

[1] Jones' amended complaint is sparse. However, in the interest of justice, and considering that Jones is a *pro se* plaintiff, the court will liberally construe his complaint to allege claims for wrongful employment discrimination and discriminatory hiring in violation of Title VII and state claims for fraud, intentional wrongdoing, and civil wrong.

2

on or about July 13, 1987. *See Dkt. No. 5*. On July 8, Jones received a letter from B.J. Owens, his employment supervisor, explaining that he had been absent from work since May 20 and the reason for his absence had been "established for a certain period but ha[d] not currently been justified."[2] *Id*. The letter directed Jones to report to work no later than July 13, 1987. *See id*. The letter also forewarned Jones that if he did not either report to work or satisfactorily explain his inability to do so, his seniority would be terminated. *Id*. Jones claims to have been terminated from his employment pursuant to Code 19, which is a code signifying that the employee will not be rehired in the future.[3] *Id*. He also claims that the termination letter was "bogus" and that he was not hired back to his original position in violation of Title VII. *Id*.

### III. Procedural History

On August 5, 2005, Jones filed his original complaint in district court pursuant to 42 U.S.C. § 2000. *See Dkt. No. 1*. On that day, he also filed a

---

[2] Jones points to his work attendance record which shows that he was at work on May 20, 1987. *See Dkt. No. 5*. However, on May 21, Jones became ill upon arriving at work and was taken to a hospital emergency room. *See id*. The Union points out that Jones does not offer an explanation for his absence from work. Jones alleges in his complaint that his doctor's written statement covers "from May 21 until July 1." *Id*.

[3] The court cannot determine from the complaint whether Jones knew his termination was pursuant to Code 19. There is some discussion in Jones' papers about a Code 20 termination. The significance of these codes is unclear.

3

motion for appointment of counsel.  *See Dkt. No. 3.*  By court order on August 17, the court ordered Jones to amend his complaint so that it complied with Federal Rule of Civil Procedure 8(a).  *See Dkt. No. 4.*  The court simultaneously denied Jones' motion for appointment of counsel with leave to renew.  *See id.*  On August 30, Jones filed an amended complaint and a second motion for appointment of counsel.  *See Dkt. Nos. 5, 6.*  The court approved Jones' amended complaint and denied Jones' second motion for appointment of counsel, notifying him that such a motion must be accompanied by documents substantiating his efforts to obtain counsel in the private and public sectors.  *See Dkt. No. 7.*

On February 10, 2006, Jones filed a third motion for appointment of counsel, and on March 27, Magistrate Judge Peebles denied Jones' motion without prejudice.  *See Dkt. Nos. 10, 24.*  The subject motions followed.  *See Dkt. Nos. 17, 19.*

## IV.  Discussion

**A.   Motion to Dismiss Standard**

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In other words, the court should dismiss the complaint

4

pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief." *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal quotation marks and citation omitted). "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

## B.   New Process Gear, Inc.'s Motion to Dismiss[4]

---

[4]NPG contends that it did not employ Jones and therefore cannot be subject to liability under Title VII. NPG maintains that the entity which employed and discharged Jones in 1987 was the DaimlerChrysler Corporation and that the "New Process Gear" referred to in the complaint was the name of the division of DaimlerChrysler by which the East Syracuse facility was known at that time.

Title VII itself defines an employee as "an individual employed by an employer." 42 U.S.C. § 2000e(f). "[T]he plaintiff must show [ ]he was hired by the putative employer. To prove that [ ]he was hired, [ ]he must establish that [ ]he received remuneration in some form for [his] work." *U.S. v. City of New York*, 359 F.3d 83, 91 (2d Cir. 2004) (citing *O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir. 1997)). "Once plaintiff furnishes proof that [his] putative employer remunerated [him] for services [ ]he performed," the court considers a variety of factors to determine whether an employment relationship existed. *Id*.

In the instant case, NPG maintains that it never employed Jones and thus cannot be liable for wrongful termination under Title VII. Jones does not respond to this argument. He

As stated, Jones avers that he was unlawfully terminated from his employment with DaimlerChrysler Corporation on July 13, 1987. He also claims that defendants unlawfully refused to reinstate his original employment. NPG contends that the complaint fails to state a cause of action against it under Title VII.

As an initial matter, the court has generously construed Jones' complaint as asserting two claims under Title VII, one for discriminatory hiring and another for unlawful termination on the basis of race or gender. For the following reasons, neither claim survives.

### 1. Discriminatory Hiring

In the context of a claim for discriminatory hiring, the plaintiff bears the initial burden of proving, by a preponderance of the evidence, a *prima facie* case of discrimination. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-510 (1993). The initial burden is "minimal." *Id.* at 506. In this case, the plaintiff must prove: (1) that he was a member of a protected class, (2) that he is a qualified applicant for a job for which the employer

---

merely alludes to the fact that "they have changed names several times over the years" and states that his "checks received every week changed names too." *See Dkt. No. 23.* At this juncture, the court cannot determine whether Jones was in fact an employee of NPG. However, because the court will dismiss Jones' claims on other grounds, it need not consider the merits of NPG's argument.

6

was seeking applications, (3) that, despite his qualifications, he was rejected, and (4) that, after his rejection, the position remained open and the employer continued to seek applicants with complainant's qualifications.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  "Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee."  *Tex. Dep't. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

NPG claims that Jones has failed to establish a *prima facie* case of discriminatory hiring.  In particular, NPG claims that Jones cannot satisfy the second or fourth elements of a *prima facie* case of discriminatory hiring, i.e., that he actually applied for a specific position for which NPG was seeking applicants, and that NPG was seeking applications to fill a position for which Jones was qualified.

The only indication on the record that Jones was interested in obtaining employment at NPG was his November 1, 2004 letter addressed to Andy Quinn[5] stating that he was "ready to return to work with my time

---

[5] Andy Quinn was a labor relations representative for NPG at the time Jones wrote the letter in 2004.  Mr. Quinn is no longer employed by NPG.  *See Dkt. No. 17*.

and benefits." *See Dkt. No. 17.* Jones sent this letter sixteen years after his termination from employment with DaimlerChrysler Corporation. Jones has not alleged that he filled out any formal job application or that he spoke to a personnel officer at NPG about a job. Moreover, there is no allegation in the complaint that NPG was seeking applications to fill a position for which Jones was qualified. Accordingly, Jones has failed to meet his initial burden of proof and cannot sustain a claim of discriminatory hiring against NPG.

### 2. Unlawful Discrimination on the Basis of Race or Gender

Jones also fails to make out a *prima facie* case of unlawful discrimination on the basis of race or gender in violation of Title VII. In order to assert a *prima facie* case of intentional discrimination under Title VII, Jones must show: "(1) that he is a member of a protected class; (2) that he is qualified to hold the position; (3) that he suffered an adverse employment action; and (4) that the adverse employment action took place under circumstances that give rise to an inference of unlawful discrimination." *Girma v. Skidmore Coll.*, 180 F. Supp. 2d 326, 338 (N.D.N.Y. 2001) (citation omitted). "The Second Circuit has indicated that in determining whether a plaintiff has established a *prima facie* case, a

court should consider only the plaintiff's evidence." *Id.* "Nonetheless, a plaintiff must proffer some admissible evidence of each of the four elements, including evidence from which a reasonable trier of fact could infer discriminatory motive." *Id.*

Here, Jones fails to assert the four basic elements. He has failed, even in the most minimal sense, to set forth allegations sufficient to show that he was discriminated against on the basis of his race or gender. More specifically, Jones has failed to explain how he is a member of a protected class. He has not alleged any circumstances giving rise to an inference of unlawful discrimination. He has not proffered any evidence of disparate treatment based on his race or gender. Finally, Jones has not alleged that he was treated differently than any similarly situated person who was not a member of the protected class to which he claims to belong.

Even applying the most liberal construction to the allegations in the complaint, the court can find no reasonable basis to sustain a claim for relief against NPG under Title VII. Accordingly, NPG's motion to dismiss is **GRANTED** and Jones' claims against NPG are **DISMISSED**.

**C.    The Union's Motion to Dismiss**

The Union moves to dismiss Jones' claims against it on three grounds. First, the Union argues that there are no allegations against the Union in the amended complaint. The Union next argues that all of Jones' claims are time-barred under either Title VII or the duty of fair representation. Finally, the Union claims that it should be dismissed from the complaint because Jones never filed an administrative charge against it and therefore never exhausted his administrative remedies.

### 1.     Administrative Exhaustion

The Union maintains that the Title VII claims against it must be dismissed because Jones has failed to exhaust his administrative remedies. Specifically, the Union submits that Jones neither (1) timely filed a charge with the EEOC nor (2) named it in a charge that was timely filed with the EEOC. Jones does not respond to this argument.

A prospective Title VII plaintiff must file a discrimination charge naming the allegedly discriminating party with an authorized state agency or the EEOC and receive a right to sue letter before filing suit. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000). Prior to commencing suit under Title VII, a charge "shall be filed by or on behalf of the person aggrieved within three hundred

days after the alleged unlawful employment practice occurred...." *Carter v. New York*, 310 F. Supp. 2d 468, 474 (N.D.N.Y. 2004) (citing 42 U.S.C. § 2000e-5(e)(1)). Failure to exhaust these administrative remedies deprives the court of subject matter jurisdiction. *See Laegnani v. Alitalia Linee Aerree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001).

Here, the amended complaint challenges Jones' termination from employment, which occurred in July 1987. Any claim under Title VII premised on that event should have been filed with the EEOC and the Division of Human Rights no later than April 1988. Furthermore, any potential claim Jones may have had arising out of the November 2001 letter he sent to NPG should have been filed with the EEOC and the Division of Human Rights no later than August 2002. Jones alleged that he filed the underlying charge in April 2004, sixteen years after he was terminated from his employment and two and a half years after his letter to NPG.

It is clear from Jones' complaint, exhibits and opposition papers that he neither named the Union in his administrative complaint with the EEOC, nor complied with the filing requirements in time to commence his lawsuit. Accordingly, Jones failed to exhaust his administrative remedies, as

11

required by Title VII, and his claims against the Union are **DISMISSED**.

### 2. Sufficiency of Amended Complaint

The Union contends that the amended complaint contains no factual allegations against it. Jones' response memo seems to set forth additional allegations, none of which were contained in the body of the amended complaint.[6] He states:

> "The union involvement here is that there is a company policy in correcting code 19 according to Owen McGraw who's name is also on the list already submitted and it is to file a grievance with the union president, which I attempted to do September 12, 2005 [sic]. Also collective union bargaining agreement contract should be present here as facts and they are not. Facts like what is the procedure when you are on comp [sic] as a union member."

*Dkt. No. 22.*

Federal Rule of Civil Procedure 8(a)(2) states that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The allegations in the "complaint must give fair notice of what each claim is and the grounds upon which they rest." *Leatherman v. Tarrant County Narcotics Intelligence &*

---

[6]Jones' responses to both motions are recitations of factual allegations and contain no legal arguments. Considering that Jones is a *pro se* plaintiff, the court has reviewed his complaint and responsive papers in the light most favorable to him.

12

*Coordination Unit*, 507 U.S. 163, 168 (1993).

In his amended complaint, Jones fails to allege a single fact regarding the conduct giving rise to the Union's Title VII violations. He merely states in a conclusory fashion that "defendant's conduct is discriminatory with respect to... race or color... and sex," but he fails to assert any allegations with respect to the Union's actions. The court can find no reasonable basis to sustain a claim for relief against the Union under Title VII. Moreover, any potential claims Jones may have against the Union are statutorily barred by his failure to exhaust his administrative remedies. Accordingly, Jones' claims against the Union are **DISMISSED**.[7]

**D.    Service of Process**

It is unclear whether DaimlerChrysler Corporation and New Venture Gear, Inc. have been served. Although the service of process filed on the

---

[7]The Union points out that Jones' conclusory statements for "fraud," "intentional wrongdoing," and "civil wrong" could be interpreted as assertions of state law claims. The Union contends that these claims are subject to an even shorter limitations period of six months pursuant to the duty of fair representation doctrine. Jones fails to respond to this argument.

The court need not address whether the duty of fair representation doctrine applies to Jones' additional allegations. Jones has failed to assert any factual allegations regarding the Union on the face of the amended complaint. Even if the court were to construe these claims as state law claims not subject to the duty of fair representation doctrine, these claims are unsupported by any factual allegations and fail to state claims upon which relief could be granted. Accordingly, these claims are also dismissed.

electronic docket names DaimlerChrysler Corporation and New Venture Gear, Inc. as individual companies, Mr. McCann signed and accepted service only on behalf of New Process Gear, Inc.  *See Dkt. No. 11.* Accordingly, the court will allow Jones an additional 120 days to serve the other two defendants.  Moreover, to the extent that Jones requests appointment of counsel in his responsive papers, the court denies his request with leave to renew upon service of the other defendants.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that NPG's motion to dismiss is **GRANTED**, and it is further

**ORDERED** that the Union's motion to dismiss is **GRANTED**, and it is further

**ORDERED** that Jones' claims against NPG and the Union are **DISMISSED**, and it is further

**ORDERED** that Jones serve the remaining defendants within 120 days of the date of this Order, and it is further

**ORDERED** that Jones' request for appointment of counsel is **DENIED** with leave to renew, and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

**IT IS SO ORDERED.**

June 28, 2006
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge

15