UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH JONES,

                Plaintiff,

           v.                              5:05-CV-1006
                                                     (GLS\DEP)

DAIMLERCHRYSLER CORPORATION et al.

                Defendants.[1]
_____

APPEARANCES:                      OF COUNSEL:

FOR THE PLAINTIFF:

KENNETH JONES
Plaintiff, *Pro Se*
110 McAllister Avenue
Syracuse, New York 13205

FOR THE DEFENDANTS:

HANCOCK, ESTABROOK LAW FIRM    JOHN T. McCANN, ESQ.
1500 MONY Tower I
Syracuse, New York 13221

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

---

[1] On June 28, 2006, defendants New Process Gear, Inc. and Local U.A.W. 624 were dismissed from this action. *See* Dkt. No. 28.

## I. Introduction

*Pro se* plaintiff Kenneth Jones alleges that defendants engaged in unlawful employment discrimination in violation of Title VII of the Civil Rights Act of 1964.[2] Pending under Federal Rule of Civil Procedure 12(b)(6) is DaimlerChrysler Corporation and New Venture Gear, Inc.'s motion to dismiss. *See Dkt. No. 34*. For the reasons that follow, the motion to dismiss is granted, and Jones' amended complaint is dismissed in its entirety.

## II. Facts[3]

Jones alleges that defendants wrongfully terminated his employment on or about July 13, 1987. *See Dkt. No. 5*. On July 8, Jones received a letter from B.J. Owens, his employment supervisor, explaining that he had been absent from work since May 20 and the reason for his absence had been "established for a certain period but ha[d] not currently been justified."[4] *Id*. The letter directed Jones to report to work no later than July

---

[2] *See* 42 U.S.C. § 2000e (1991), *et seq*.

[3] Jones' amended complaint is sparse. However, in the interest of justice, and considering that Jones is a *pro se* plaintiff, the court will liberally construe his complaint to allege claims for wrongful employment discrimination and discriminatory hiring in violation of Title VII and state claims for fraud, intentional wrongdoing, and civil wrong.

[4] Jones points to his work attendance record which shows that he was at work on May 20, 1987. *See Dkt. No. 5*. However, on May 21, Jones became ill upon arriving at work and

13, 1987.  *See id*.  The letter also forewarned Jones that if he did not either report to work or satisfactorily explain his inability to do so, his seniority would be terminated.  *See Dkt. No. 5*.  Jones claims to have been terminated from his employment pursuant to Code 19, which is a code signifying that the employee will not be rehired in the future.[5]  *See id*.  He also claims that the termination letter was "bogus" and that he was not hired back to his original position in violation of Title VII.  *See id*.

### III. Procedural History

On August 5, 2005, Jones filed his original complaint pursuant to 42 U.S.C. § 2000.  *See Dkt. No. 1*.  On that day, he also filed a motion for appointment of counsel.  *See Dkt. No. 3*.  On August 17, the court ordered Jones to amend his complaint so that it complied with Federal Rule of Civil Procedure 8(a).  *See Dkt. No. 4.*  The court simultaneously denied Jones' motion for appointment of counsel with leave to renew.  *See id.*  On August 30, Jones filed an amended complaint and a second motion for

---

was taken to a hospital emergency room.  *See id*.  The Union points out that Jones does not offer an explanation for his absence from work.  Jones alleges in his complaint that his doctor's written statement covers "from May 21 until July 1."  *Id*.

[5]The court cannot determine from the complaint whether Jones knew his termination was pursuant to Code 19.  There is some discussion in Jones' papers about a Code 20 termination.  The significance of these codes is unclear.

3

appointment of counsel.  *See Dkt. Nos. 5, 6*.  The court approved Jones' amended complaint and denied Jones' second motion for appointment of counsel, notifying him that such a motion must be accompanied by documents substantiating his efforts to obtain counsel in the private and public sectors.  *See Dkt. No. 7*.

Subsequently, defendants moved to dismiss Jones' amended complaint.  *See Dkt. Nos. 17, 19*.  On June 28, 2006, the court dismissed defendants New Process Gear and the Union from the lawsuit and granted Jones an additional 120 days to effectuate proper service on the remaining defendants.  *See Dkt. No. 28.*  The subject motion followed.  *See Dkt. No. 34*.

## IV.  Discussion

### A.  Motion to Dismiss Standard

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief."  *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal

4

quotation marks and citation omitted). "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

**B.     Statute of Limitations**

As stated, Jones avers that he was unlawfully terminated from his employment with DaimlerChrysler Corporation on July 13, 1987. He also claims that defendants unlawfully refused to reinstate his original employment. Defendants argue that the complaint fails to state a timely cause of action under Title VII.

A prospective Title VII plaintiff must file a discrimination charge naming the allegedly discriminating party with an authorized state agency or the EEOC and receive a right to sue letter before filing suit. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Francis v. City of New York*, 235 F.3d 763,

768 (2d Cir. 2000). Indeed, prior to commencing suit under Title VII, such charge "shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred...." *Carter v. N.Y.*, 310 F. Supp. 2d 468, 474 (N.D.N.Y. 2004) (citing 42 U.S.C. § 2000e-5(e)(1)). Once a prospective Title VII plaintiff receives his right to sue letter from the EEOC, he must commence a civil action based on the reported allegations within ninety days. *See* 42 U.S.C. §§ 2000(e), 5(f)(1).

Here, the amended complaint challenges Jones' termination from employment, which occurred in July 1987. Any claim under Title VII premised on that event should have been filed with the EEOC and the Division of Human Rights no later than April 1988.[6] *See Carter*, 310 F. Supp. 2d at 474. While defendants concede that Jones did timely file an administrative complaint in 1987, and a corresponding right to sue letter was issued in 1990, the ninety day time period to sue has long since expired. Accordingly, Jones' Title VII claims are time-barred and are therefore dismissed.

Having broadly construed Jones' complaint, it also alleges a common

---

[6]Jones did attach to his amended complaint a letter from the EEOC from July 2005. However, this document relates to a complaint filed with the Division of Human Rights on November 24, 2004, some sixteen years after the alleged unlawful employment practice.

6

law claim for fraud.[7]  Even assuming, *arguendo*, that Jones could sustain a legally sufficient claim for common law fraud, the statute of limitations for such a claim is six years.  *See* N.Y. C.P.L.R. § 213(8).  All of the complained-of conduct occurred in the late 1980's, and Jones has not alleged that he is entitled to any toll of the six-year statute of limitations.  Accordingly, Jones' claim for fraud is untimely and is therefore dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (*Dkt. No. 34*) is **GRANTED**; and it is further

**ORDERED** that Jones' complaint is **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk enter judgment in favor of the defendants and close the case; and it is further

**ORDERED** that the Clerk provide a copy of this Decision and Order to the parties.

---

[7]In addition, Jones alleges separate claims for "intentional wrongdoing" and "civil wrong."  At this juncture, there is no separately specified factual or legal basis for such claims.  As such, and without more, the court has considered these claims as part of Jones' employment discrimination claim.  Accordingly, these claims are also untimely and are therefore dismissed.

**IT IS SO ORDERED.**

August 22, 2007
Albany, New York

_/s/ Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge